UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:09-cr-266-T-33MAP

LEWIS JOSH BARBERREE

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Lewis Josh Barberree's pro se Motion for Compassionate Release (Doc. # 161), filed on April 10, 2020, and pro se Motion to Grant Default Judgment for Compassionate Release (Doc. # 164), filed on April 30, 2020. The United States of America responded to the Motion for Compassionate Release on April 30, 2020. (Doc. # 165). For the reasons that follow, the Motion for Compassionate Release is denied without prejudice and the Motion to Grant Default Judgment for Compassionate Release is denied.

**I.   Background**

After Barberree pled guilty, the Court sentenced Barberree on January 14, 2010, to 240 months' imprisonment for conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine and 500 grams

1

or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (Doc. ## 74, 110). His projected release date is March 17, 2026. (Doc. # 165 at 2).

In his Motion for Compassionate Release, Barberree seeks compassionate release under Section 3582(c)(1)(A), as amended by the First Step Act, because of the COVID-19 pandemic, the lower guidelines now applicable to the type of crime he committed, his good behavior in prison, and his family circumstances. (Doc. # 161). In his Motion for Default Judgment, Barberree argues that his Motion for Compassionate Release should be granted as unopposed because the United States did not respond by April 24, 2020. (Doc. # 164).

True, the United States did not respond by April 24, as the Court originally ordered. (Doc. # 162). However, after the United States failed to respond by that date, the Court extended the time for the United States to respond to May 1, 2020. (Doc. # 163). The United States responded on April 30 (Doc. # 165), and the Motions are ripe for review.

## II. Discussion

Because the United States responded to the Motion for Compassionate Release by the extended May 1 deadline,

Barberree's Motion for Default Judgment of Compassionate Release (Doc. # 164) is denied.

In its response, the United States argues the Motion for Compassionate Release should be denied (1) for failure to exhaust administrative remedies and (2) on the merits. (Doc. # 165). Because the Court agrees that Barberree has failed to exhaust his administrative remedies, the Court need not address the merits of the Motion.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Barberree argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the

3

Bureau of Prisons' denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Barberree does not allege that he has exhausted his administrative remedies. Nor has he provided documentation showing that he has made any request to the warden of his facility for compassionate release or appealed the denial of a request for compassionate release with the Bureau of Prisons.

Thus, Barberree has not "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of

4

thirty days from the defendant's unanswered request to the warden for relief.").

Therefore, Barberree's Motion for Compassionate Release must be denied without prejudice. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020)(denying motion for release to home confinement due to COVID-19 and explaining that "[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"); United States v. Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.").

While Barberree's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time

>   for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Lewis Josh Barberree's pro se Motion for Compassionate Release (Doc. # 161) is **DENIED** without prejudice for failure to exhaust administrative remedies.

(2) The pro se Motion to Grant Default Judgment for Compassionate Release (Doc. # 164) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of May, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE