UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:09-cr-266-T-33MAP

LEWIS JOSH BARBERREE

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Lewis Josh Barberree's pro se second Motion for Compassionate Release (Doc. # 176), filed on July 30, 2020. The United States of America responded on August 10, 2020. (Doc. # 178). For the reasons that follow, the Motion is denied without prejudice.

**I.   Background**

After Barberree pled guilty, the Court sentenced him on January 14, 2010, to 240 months' imprisonment for conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (Doc. ## 74, 110). His projected release date is March 17, 2026. (Doc. # 165 at 2).

Barberree filed his first pro se motion for compassionate release on April 6, 2020. (Doc. # 161). The Court denied that motion without prejudice for failure to exhaust administrative remedies on May 1, 2020. (Doc. # 167).

Now, in his second Motion for Compassionate Release, Barberree seeks compassionate release under Section 3582(c)(1)(A), as amended by the First Step Act, because of his medical conditions and the COVID-19 pandemic, the lower guidelines now applicable to the type of crime he committed, his good behavior in prison, and his family circumstances. (Doc. # 176). The Motion is ripe for review.

## II. Discussion

In its response, the United States argues the Motion should be denied for failure to exhaust administrative remedies. (Doc. # 178). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Barberree argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the**

2

>    **defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' [BOP] denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Barberree alleges that he has exhausted his administrative remedies. (Doc. # 176 at 1-2). Barberree requested compassionate release from the warden on May 5, 2020, which the warden denied on May 14, 2020. (Id. at 10, 12). After the warden's denial, Barberree appealed to the BOP regional office on May 21, 2020, but he has not received a response yet. (Id. at 2, 11). Because the BOP has not ruled on his appeal within 30 days, Barberree maintains he has exhausted his administrative remedies.

However, Barberree has misread the compassionate release statute. The 30-day lapse method of exhausting administrative remedies only applies when the warden fails to deny the request within 30 days. 18 U.S.C. § 3582(c)(1)(A)(i). As the United States explains, "there is no time limit placed upon the general counsel or the director of the [BOP] to respond" to an appeal. (Doc. # 178 at 4).

Here, the warden denied Barberree's request within 30 days and Barberree appealed. See United States v. Dorsey, No. 3:11-CR-77-TAV-HBG, 2020 WL 3977612, at *2 (E.D. Tenn. July 14, 2020)("[A] denial by the warden is merely the first step in fully exhausting one's administrative rights. Indeed, only a denial by the General Counsel or the Director of the Bureau of Prisons constitutes 'a final administrative decision.'" (quoting 28 C.F.R. § 571.63(b)-(c))). Barberree's appeal to the BOP is apparently still pending as Barberree neither alleges nor presents evidence that his appeal has been denied. See United States v. Bolino, No. 06-CR-0806 (BMC), 2020 WL 32461, at *2 (E.D.N.Y. Jan. 2, 2020)("The submission of a sufficient record to show exhaustion, at least to the extent of the General Counsel's rejection of an appeal, is fundamental to this Court's function in deciding a compassionate release motion.").

Thus, Barberree has not "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief.").

Therefore, Barberree's Motion must be denied without prejudice. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020)(explaining that "[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"); United States v. Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without

prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Lewis Josh Barberree's pro se second Motion for Compassionate Release (Doc. # 176) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of August, 2020.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE