UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No.: 8:09-cr-266-VMC-AEP

LEWIS JOSH BARBERREE

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Lewis Josh Barberree's pro se third Motion for Compassionate Release (Doc. # 190), filed on January 27, 2021. The United States of America responded on February 16, 2021. (Doc. # 195). For the reasons that follow, the Motion is denied.

**I.   Background**

After Barberree pled guilty, the Court sentenced him on January 14, 2010, to 240 months' imprisonment for conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (Doc. ## 74, 110). He is 40 years old and his projected release date is March 17, 2026. (Doc. # 195 at 2).

Barberree filed his first pro se motion for compassionate release on April 6, 2020. (Doc. # 161). The Court denied that motion without prejudice for failure to exhaust administrative remedies on May 1, 2020. (Doc. # 167). The Court similarly denied his pro se second motion for compassionate release without prejudice for failure to exhaust administrative remedies on August 12, 2021. (Doc. # 179).

Now, in his third Motion for Compassionate Release, Barberree seeks compassionate release under Section 3582(c)(1)(A), as amended by the First Step Act, because of his medical conditions and the COVID-19 pandemic, sentencing disparities, the lower guidelines now applicable to the type of crime he committed, his rehabilitation, and his family circumstances. (Doc. # 190). The Motion is ripe for review.

II. **Discussion**

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Barberree argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the**

2

> **defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' [BOP] denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted).

Assuming Barberree has exhausted his administrative remedies as he alleges (Doc. # 190 at 3), the Motion still must be denied because Barberree has not established an extraordinary and compelling reason for compassionate release.

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver

of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Barberree bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

Barberree's medical conditions, including hypertension, gastrointestinal issues, and hearing problems, do not merit compassionate release because Barberree has not established that these conditions "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility." USSG § 1B1.13 comment. (n.1). Thus, these conditions do not create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019)("[D]espite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or

4

preventing him from being from being able to provide self-care.").

Furthermore, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Nor does the heightened risk Barberree faces as a result of his conditions if he contracts COVID-19 qualify as an extraordinary and compelling circumstance. See United States v. Israel, No. 95-00314-CR, 2020 WL 3893987, at *10 (S.D. Fla. July 10, 2020)("The Court further finds that under the circumstances of this case, the combination of Defendant's history of heart conditions and the COVID-19 pandemic does not present an 'other' extraordinary and compelling reason under U.S.S.G. § 1B1.13 n.1(D)."); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020)(denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, cardiomyopathy, severe coronary artery disease, and COPD,

5

because his COVID-19 symptoms were not severe and there was no indication that he could not provide self-care while in prison).

And Barberree's family circumstances, including his parents' aging, his desire to help care for his children, and the mother of one of his children's increased vulnerability to COVID-19, fall below the level of an extraordinary and compelling circumstance. Indeed, Barberree has not alleged the death or incapacitation of the caregiver of his minor children, USSG § 1B1.13, comment. (n.1), or another circumstance of equivalent severity. Nor has he provided documentation to support his allegations about these family circumstances. See United States v. Coote, No. 2:16-cr-46-SPC-MRM, 2020 WL 6161486, at *1 (M.D. Fla. Oct. 21, 2020)("Defendant has shown no extraordinary and compelling reasons to warrant compassionate release. Other than his say so, he provides no evidence that his mother is the only available caregiver of his children. Even accepting his representation as true, there is no proof of his mother suffering a severe injury or illness to be incapacitated. Nor does Defendant provide any support for how high blood pressure, asthma, and unspecified serious respiratory problems [] render her incapacitated under the law.").

While the Court sympathizes with Barberree's situation, his desire to be reunited with and care for his family does not warrant compassionate release. See United States v. Greene, No. 1:17-cr-00012-NT-1, 2020 WL 4475892, at *5 (D. Maine Aug. 4, 2020)(finding that a need to care for an inmate's blind, elderly mother, who had a serious heart condition, does not constitute an extraordinary and compelling circumstance warranting compassionate release). Likewise, Barberree's efforts at rehabilitation in prison, while admirable, do not warrant early release.

As for Barberree's argument that he would receive a lower sentence today (Doc. # 190 at 2, 5), the Court agrees with the United States that Barberree "offers no legal basis for this Honorable Court to circumvent the intent of Congress not to make certain portions of the First Step Act retroactive by finding such a factor constitutes an 'extraordinary and compelling reason' under 1B1.13 1(D)." (Doc. # 195 at 9). Even considering that Barberree would receive a lower sentence if sentenced today, the Court does not consider this disparity significant enough to constitute an extraordinary and compelling reason for compassionate release. Similarly, Barberree's argument that his sentence was unfairly long compared to his co-defendants (Doc. # 190 at 5) does not

7

constitute an extraordinary and compelling reason for compassionate release, especially as Barberree had the ability to address this issue on direct appeal. See <u>United States v. Lisi</u>, No. 15 CR. 457 (KPF), 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020)("[T]he Court believes that it would be both improper and inconsistent with the First Step Act to allow Lisi to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition."), <u>reconsideration denied</u>, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020).

Accordingly, it is hereby

**ORDERED, ADJUDGED**, and **DECREED**:

Defendant Lewis Josh Barberree's pro se third Motion for Compassionate Release (Doc. # 190) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of February, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8